IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Soto,<br><br>            Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>            Respondents. | No. CV-14-02562-PHX-JJT (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Petitioner George Soto's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). Respondents filed their Answer (Doc. 13). Petitioner did not file a Reply. The matter is deemed ripe for consideration. For the reasons set forth herein, the undersigned recommends that the Court deny and dismiss the Petition. The undersigned further recommends that the Court deny Petitioner's requests for an evidentiary hearing and "funds to retain an investigator and mental health professional."

**I. BACKGROUND**

**A. Convictions and Sentences**

Petitioner seeks habeas relief in five criminal cases. On March 29, 2007, Petitioner entered into plea agreements in four of the cases: CR2005-115961-001; CR2006-006229-001; CR2006-106964-001; CR2007-006196-041 (collectively referred

to as the "Plea Conviction Cases"). (Doc. 13-1 at 30-44). Petitioner pled guilty to a total of four counts (i) possession or use of dangerous drugs, a class 4 felony, with two prior felony convictions (*Id.* at 30); (ii) unlawful flight from a law enforcement vehicle, a class 5 felony, with two prior felony convictions (*Id.* at 34); (iii) attempted armed robbery, a class 3 felony, with two prior felony convictions (*Id.* at 38); and (iv) participation in a criminal syndicate, a class 2 felony, with two prior felony convictions (*Id.* at 42).

Petitioner maintained a plea of not guilty in the fifth case, CR2005-011607-001 (the "Trial Conviction Case"). (Doc. 13-1 at 25-27). The Trial Conviction Case, which involved multiple counts, was severed. The trial court held a bench trial on Count 1 (sale or transportation of dangerous drugs) and a jury trial on the remaining counts.[1] The trial court found Petitioner guilty of sale or transportation of dangerous drugs with one prior felony conviction. (Doc. 13-3 at 224; 13-4 at 30). The jury found Petitioner guilty of sale or transportation of marijuana with two prior felony convictions, misconduct involving weapons, and two counts of attempted aggravated assault as dangerous offenses. (Doc. 13-3 at 115-16). The jury also found the presence of aggravating factors on all four counts. (*Id.* at 153-54).

On April 30, 2007, the trial court held a sentencing hearing in all five criminal cases. (Doc. 13-4 at 26-53). The trial court sentenced Petitioner to a combined prison term of twenty-two years with all sentences to run concurrently. (*Id.* at 49).

**B. Direct Appeal and Post-Conviction Relief**

Following Petitioner's convictions and sentences, Petitioner filed a direct appeal in the Trial Conviction Case. (Doc. 13-4 at 74-229). On March 17, 2009, the Arizona Court of Appeals corrected an error in Petitioner's sentencing judgment,[2] but otherwise affirmed Petitioner's convictions and sentences in the Trial Conviction Case. (Doc. 13-5

---

[1] Petitioner waived his right to a jury trial on Count 1. (Doc. 13-3 at 224-25; 13-4 at 30).

[2] Petitioner's sentencing judgment originally reflected that he was convicted of sale or transportation of marijuana as a class 2 felony. The State conceded error and agreed with Petitioner's argument that the judgment should reflect that the conviction is a class 3 felony. (Doc. 13-5 at 104).

at 119). Petitioner did not petition the Arizona Supreme Court for review.

Regarding the Plea Conviction Cases, Petitioner filed a notice of post-conviction relief ("PCR") on July 2, 2007 and a subsequent PCR petition. (Doc. 13-5 at 121-30). On December 4, 2008, the trial court summarily dismissed the PCR petition. (*Id*. at 132-33).

On July 9, 2009, Petitioner filed another PCR notice, which the trial court deemed timely as to the Trial Conviction Case and untimely as to the Plea Conviction Cases. (*Id*. at 135-41, 167). The trial court's January 20, 2010 minute entry dismissed the PCR proceeding as to the Plea Conviction Cases. (*Id*. at 144-45).

On August 4, 2010, Petitioner filed another PCR notice in the Plea Conviction Cases. (*Id*. at 147-56). When the trial court dismissed the PCR notice, counsel for Petitioner filed a Motion to Reconsider requesting that the PCR notice be reinstated in the Plea Conviction Cases. (*Id*. at 158-59; 161-63). The trial court granted the Motion. (*Id*. at 165). The trial court consolidated the Plea Conviction Cases for purposes of the PCR proceeding, but denied Petitioner's request to consolidate the Plea Conviction Cases with the Trial Conviction Case. (*Id*. at 167).

On August 29, 2011, Petitioner's counsel filed a PCR petition (the "2011 PCR Petition") in the Plea Conviction Cases and the Trial Conviction Case. (*Id*. at 170-217). The 2011 PCR Petition raised two claims for relief. The first claim sought relief in all five of the cases based on "newly discovered evidence which should have been discovered prior to [Petitioner's] trial or plea . . . ." (*Id*. at 170). The alleged newly discovered evidence was evidence of Petitioner's diagnoses of seizures, traumatic brain injury ("TBI"), and post-traumatic stress disorder ("PTSD"). (*Id*. at 177-81). Petitioner submitted a report completed in 2011 by registered nurse Kathleen McGrane. (*Id*. at 188-94). Nurse McGrane reviewed Petitioner's medical records, noting Petitioner's November 2007 PTSD diagnosis and April 2009 TBI diagnosis. (*Id*. at 190). Nurse McGrane stated that "If the new onset of PTSD, the new onset of seizures, the new onset of mental health problems and/or the possibility of TBI were not considered at the time of

[Petitioner's] most recent trial, the possibility exists that he was not well represented." (*Id*. at 191).

The second claim in the 2011 PCR Petition was raised only in the Trial Conviction Case. (*Id*. at 181). Petitioner alleged that his trial counsel was ineffective for failing to investigate Petitioner's mental health status. (*Id*. at 181-83).

On February 7, 2012, the trial court dismissed the 2011 PCR Petition as to all of the cases. (Doc. 13-6 at 2-5). On March 11, 2014, the Arizona Court of Appeals granted Petitioner's request for review, but denied relief. (*Id*. at 7-44; Doc. 13-1 at 51-54). On August 11, 2014, the Arizona Supreme Court denied Petitioner's request for further review. (Doc. 13-1 at 50).

Petitioner filed this federal habeas action on November 20, 2014. In his Petition, Petitioner raises one claim of ineffective assistance of counsel ("IAC") as to all five criminal cases.

## II. DISCUSSION

### A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must file his or her federal habeas petition within **one year** of the latest of:

> 1. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> 2. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by the State action;
>
> 3. The date on which the right asserted was initially recognized by the United States Supreme Court, if that right was newly recognized by the Court and made retroactively applicable to cases on collateral review; or
>
> 4. The date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.

- 4 -

28 U.S.C. § 2244(d)(1); *see also Hammerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007). Although a procedural issue such as the statute of limitations should ordinarily be resolved first, the statute of limitations is not jurisdictional, and "judicial economy sometimes dictates reaching the merits [of a claim] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (internal citations omitted). A district court may reach the merits of a federal habeas claim rather than analyze whether the claim has been exhausted or is procedurally defaulted. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Barrett*, 169 F.3d at 1162 (seeing no need to "belabor" the "difficult question" of a procedural bar when the claim was easily resolvable against the petitioner on the merits); *Miller v. Mullin*, 354 F.3d 1288, 1297 (10th Cir. 2004) (in the interest of judicial economy, choosing not to address issues of whether habeas claims were procedurally barred "because the case may be more easily and succinctly affirmed on the merits"); *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) ("In the present case, it is in the interest of judicial economy for this court to hear this cause in spite of the unresolved issues of exhaustion and procedural default."); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

Here, Petitioner challenges his convictions and sentences in both the Trial Conviction Case and Plea Conviction Cases by alleging that his trial counsel was constitutionally ineffective for failing to investigate his mental health status. Respondents concede that the Petition is timely as to the Trial Conviction Case and raise no exhaustion or procedural default issues. The undersigned finds that it is appropriate to review the Petition on the merits as to the Trial Conviction Case. Yet there is an issue regarding the timeliness of the Petition as to the Plea Conviction Cases. (Doc. 13 at 11-

15). There may also be exhaustion or procedural default issues.[3] However, instead of analyzing those issues, the undersigned finds that it is more efficient to resolve the Petition on the merits as to both the Plea Conviction and Trial Conviction Cases. *See Chambers v. Bowersox*, 157 F.3d 560, 564 n.4 (8th Cir. 1998) ("The simplest way to decide a case is often the best.").

### B.  Reviewing Habeas Claims on the Merits

In reviewing the merits of a habeas petitioner's claims, AEDPA requires federal courts to defer to the last reasoned state court decision. *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014); *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013). To be entitled to relief, a state prisoner must show that the state court's adjudication of his or her claims either:

> A.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> B.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *see also, e.g., Woods*, 764 F.3d at 1120; *Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2010); *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

As to relief under 28 U.S.C. § 2254(d)(1), "clearly established federal law" refers to the holdings of the U.S. Supreme Court's decisions applicable at the time of the relevant state court decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). A state court decision is "contrary to" such clearly established federal law if the state court (i) "applies a rule that contradicts the governing law set forth in [U.S. Supreme Court] cases" or (ii) "confronts a set of facts that are materially indistinguishable from a decision of the [U.S. Supreme Court] and

---

[3] It does not appear that the IAC claim in the Petition has been exhausted in state court as to the Plea Conviction Cases. The 2011 PCR Petition raised the claim in only the Trial Conviction Case. (Doc. 13-5 at 181).

- 6 -

nevertheless arrives at a result different from [U.S. Supreme Court] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

As to relief under 28 U.S.C. § 2254(d)(2), factual determinations by state courts are presumed correct unless the petitioner can show by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see also Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir.2004) (as amended) (internal quotation marks and citation omitted).

### C. Proving Ineffective Assistance of Counsel Under *Strickland v. Washington*, 466 U.S. 668 (1984)

The "clearly established federal law" for an IAC claim is the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner arguing an IAC claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the petitioner. *Strickland*, 466 U.S. at 687. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). In the habeas context, the issue is whether there is a "reasonable argument that counsel satisfied *Strickland's* deferential standard, such that the state court's rejection of the IAC claim was not an unreasonable application of *Strickland*. Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d 418, 465-66 (9th Cir. 2014) (internal quotation marks and citation omitted).

In assessing the performance factor of *Strickland's* two-part test, judicial review "must be highly deferential" and the court must try not "to second-guess counsel's assistance after conviction." *Clark*, 769 F.3d at 725 (internal quotation marks and citation omitted). To be constitutionally deficient, counsel's representation must fall below an objective standard of reasonableness such that it was outside the range of

competence demanded of attorneys in criminal cases. *Id.* A reviewing court considers "whether there is any reasonable argument" that counsel was effective. *Rogovich v. Ryan*, 694 F.3d 1094, 1105 (9th Cir. 2012). To establish the test's performance prong in the context of a guilty plea, a defendant must establish that his or her counsel's advice regarding the guilty plea was outside "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985).

To establish the prejudice factor of *Strickland's* two-part test, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In other words, it must be shown that the "likelihood of a different result [is] substantial, not just conceivable." *Richter*, 562 U.S. at 112. To establish prejudice in the context of a guilty plea, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Washington v. Lampert*, 422 F.3d at 873 (quoting *Hill*, 474 U.S. at 58-59)).

Although the performance factor is listed first in *Strickland's* two-part test, a court may consider the prejudice factor first. In addition, a court need not consider both factors if the court determines that a defendant has failed to meet one factor. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both deficiency and prejudice if the habeas petitioner cannot establish one or the other).

### D. Petitioner's Request for an Evidentiary Hearing

Petitioner requests that the Court hold an evidentiary hearing. (Doc. 1 at 11). AEDPA imposes "an express limitation on the power of a federal court to grant an evidentiary hearing and [has] reduced considerably the degree of the district court's discretion." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999) (internal quotation

marks and citation omitted). 28 U.S.C. § 2254(e)(2) provides that if a habeas petitioner "has failed to develop the factual basis of a claim in State court proceedings," no evidentiary hearing on the claim will be held in federal court unless the petitioner shows that:

> **(A)** the claim relies on:
> > **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (bold in original).

Case law has clarified that review under Section 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"); *Gulbrandson v. Ryan*, 738 F.3d 976, 993 n.6 (9th Cir. 2013) (stating that *Pinholster* and the statutory text make clear that limitation on evidentiary hearings applies to Section 2254(d)(2) claims as well). In *Gulbrandson*, the Ninth Circuit Court of Appeals held that a U.S. District Court did not abuse its discretion in denying a habeas petitioner's request for an evidentiary hearing regarding the petitioner's IAC claims. The Court explained that "the state court's rejections of these claims were neither contrary to, nor involved unreasonable applications, of *Strickland*. Thus, *Pinholster* bars a habeas court from any further factual development on these claims." *Gulbrandson*, 738 F.3d at 994; *see also Stokley v. Ryan*, 659 F.3d 802, 807 (9th Cir. 2011) (finding that a habeas petitioner was not entitled to an evidentiary hearing as the petitioner failed to present a colorable IAC claim).

As explained below, the Arizona state court's denial of Petitioner's IAC claim was not contrary to or an unreasonable application of clearly established federal law. Under *Pinholster*, *Gulbrandson*, and *Stokley*, Petitioner is therefore not entitled to an evidentiary hearing. The undersigned recommends that the Court deny Petitioner's request for an evidentiary hearing. As the Court's review of the Petition is limited to the state-court record, the undersigned also recommends that the Court deny Petitioner's request for "funds to retain an investigator and mental health professional." (Doc. 1 at 11).

### E. Merits of Ground One

In Ground One, Petitioner alleges that his trial counsel was constitutionally ineffective for failing to conduct a reasonable pretrial investigation of Petitioner's mental health status. (Doc. 1 at 6). Petitioner alleges that he incurred a TBI from a cranial gunshot wound in 2004 and developed PTSD and seizures. (*Id*. at 6-7). Petitioner contends that his trial counsel should have consulted a mental health professional to determine Petitioner's competence and mental impairments. (*Id*. at 8). To support this contention, Petitioner references the "Medical Records Analysis" prepared by psychiatric registered nurse Kathleen McGrane, which was submitted with the 2011 PCR Petition. (Doc. 13-5 at 189-94). Petitioner asserts that "[h]ad trial counsel done even a basic investigation and acknowledged [Petitioner's] mental impairments [trial counsel's] decisions, as well as [Petitioner's] decisions might very well have been different." (Doc. 1 at 8).

The last state court decision reviewing the claim in Ground One is the March 2014 Arizona Court of Appeals ruling that affirmed the trial court's dismissal of Petitioner's 2011 PCR Petition. The Court of Appeals found that:

> [i]n a thorough, well-reasoned minute entry, the trial court identified the claims [Petitioner] raised and resolved them correctly and in a manner permitting this court to review and determine the propriety of that order. . . . No purpose would be served by repeating the court's ruling in its entirety, and we therefore adopt it.

(Doc. 13-1 at 54). Because the Arizona Court of Appeals adopted the trial court's

- 10 -

reasoning, the U.S. District Court may review the trial court's decision as part of the review of the Arizona Court of Appeals' decision. *Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014) (explaining that when the last reasoned decision is a state appellate court decision which adopts or substantially incorporates lower state court decisions, the lower state court decisions may be reviewed as part of the review of the state appellate court's decision). As discussed below, the state court's rejection of Petitioner's IAC claim was not an unreasonable application of *Strickland*.

### 1. *Strickland's* Performance Prong

A defense attorney has a general duty to make reasonable investigations or to reasonably determine that a particular investigation is unnecessary. *See Strickland,* 466 U.S. at 691; *Turner v. Duncan*, 158 F.3d 449, 456 (9th Cir. 1998). This duty extends to the issue of mental health. *See Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003) ("Trial counsel has a duty to investigate a defendant's mental state if there is evidence to suggest that the defendant is impaired."); *United States v. Howard*, 381 F.3d 873, 881 (9th Cir. 2004) ("When counsel has reason to question his client's competence to plead guilty, failure to investigate further may constitute ineffective assistance of counsel.").

The trial court found that the performance of Petitioner's trial counsel was neither deficient nor below any objective standard of reasonableness. The trial court recounted that:

> At sentencing, [Petitioner's trial counsel] remarked to the Court that [Petitioner] was one of the most intelligent clients she ever had and that he had many talents. The Court remembers how articulate and well-spoken he was. Thus, trial counsel did not fall below the objective standard of reasonableness in failing to request a psychological evaluation when her own experience caused her to believe that he was highly competent.

(Doc. 13-6 at 5).

In support of Ground One, Petitioner states that he told his trial counsel that he was on psychotropic medication. (Doc. 1 at 8). But Petitioner does not offer any

evidence to corroborate this allegation. *See Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (finding petitioner's own self-serving statements insufficient to support IAC claim without corroborating evidence). Moreover, Petitioner has not shown how any psychotropic medication he was taking impaired his mental competency. *See Sandgathe v. Maass*, 314 F.3d 371, 379 (9th Cir. 2002) (affirming district court's denial of defendant's IAC claim because defendant had offered no evidence for his asserted incompetence to plead guilty as a result of taking psychotropic drugs); *Sturgis v. Goldsmith*, 796 F.2d 1103, 1109-10 (9th Cir. 1986) (failure to present evidence of medication petitioner was taking or "how [the medication] might have affected his competence at trial" failed to raise a *bona fide* doubt as to the petitioner's competency to stand trial); *United States v. Williams*, 998 F.2d 258, 267 (5th Cir. 1993) ("Even if true, the bare allegation that he has seen a psychiatrist and taken psychotropic medication, without more, would not suffice to establish reasonable grounds to believe that [the habeas petitioner] might be so mentally compromised as to be unable to understand trial proceedings or to assist in his own defense.").

Petitioner also emphasizes his TBI and PTSD diagnoses to support Ground One. (Doc. 1 at 6). However, Petitioner was not diagnosed with TBI and PTSD until after his trial counsel's representation had concluded. (Doc. 13-5 at 190). At the time of trial counsel's representation, Petitioner's medical records reflected that his cranial gunshot wound was a "grazing." (*Id.* at 188). Petitioner has not presented any evidence that a reasonable attorney in his trial counsel's position would have had any doubts about Petitioner's mental fitness to make reasoned decisions concerning his cases. *See Howard*, 381 F.3d at 878.

The undersigned has reviewed the hearing transcripts produced with Respondents' Answer. The transcripts do not reflect that Petitioner displayed any evidence of mental impairment. For example, at his sentencing hearing, Petitioner gave a rational and lucid explanation of why he entered into the plea agreements: "I took that plea because I – they showed me a list of eight officers and like five or six witnesses that are coming into

testify to me. I think eight officers alone without even the victim being here, I would be found guilty." (Doc. 13-4 at 46). At Petitioner's change of plea hearing, Petitioner gave logical and coherent responses to the trial court's questions. (*Id*. at 4-23). The trial court found that Petitioner's guilty pleas were "knowingly, intelligently and voluntarily made." (*Id*. at 20). This finding constitutes a "formidable barrier" to Petitioner's allegation that his "decisions might very well have been different" had his trial counsel investigated his mental health status. *See Blackledge v. Allison,* 431 U.S. 63, at 73-74 (1977).

In sum, the undersigned finds that the state court's ruling that the performance of Petitioner's trial counsel was not constitutionally deficient is not contrary to or an unreasonable application of *Strickland*. Even if trial counsel's performance was constitutionally deficient with respect to Ground One, Petitioner cannot show that the state court unreasonably applied the prejudice prong of the *Strickland* test.

### 2. *Strickland's* Prejudice Prong

In analyzing Petitioner's IAC claim under the prejudice prong of *Strickland's* two-part test, the trial court discussed Nurse McGrane's report and noted that

> Here, neither [Petitioner] nor Ms. McGrane state what effect [Petitioner's] mental impairment had on his guilty pleas in the four cases he pled guilty on or in the one case he took to trial. Nothing is alleged that he was incompetent to make his pleas, that his pleas were involuntary, that he could not assist counsel in his representation, or that he did not understand what was going on. The fact that [Petitioner] might have had PTSD or a TBI is not enough without evidence that these impairments somehow affected his cases.
> . . . .
> Here, in the Court's judgment, it is mere speculation on [Petitioner's] part to claim that but for counsel's failure to investigate his mental problems, the outcome of the case would have been different.

(Doc. 13-6 at 4). The state court's findings above are consistent with Nurse McGrane's inconclusive report. Nurse McGrane noted that TBI "causes numerous and sundry behavioral and cognitive changes which could impair [Petitioner's] ability to cooperate with counsel or understand court processes," but found that **"[t]here is not enough**

- 13 -

1 **information in the chart to make any conclusions about this possibility**." (Doc. 13-5
2 at 191) (emphasis added). As mentioned by the trial court, Petitioner does not allege that
3 he was incompetent, merely that he should have been psychologically evaluated. (Doc.
4 13-6 at 5). A "claim of prejudice [that] amounts to mere speculation" is insufficient to
5 establish an IAC claim. *See Cooks v. Spalding*, 660 F.2d 738, 740 (9th Cir. 1981) (*per
6 curiam* ); *see also Gonzalez*, 515 F.3d 1006, 1015-16 (9th Cir. 2008) ("As to the failure to
7 investigate mental health mitigation, Gonzalez does not contend that he actually suffered
8 from a mental illness; he merely argues that *if* tests had been done, and *if* they had shown
9 evidence of some brain damage or trauma, it *might* have resulted in a lower sentence.
10 Such speculation is plainly insufficient to establish prejudice.") (italics in original);
11 *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997) (speculative claim of prejudice
12 insufficient to satisfy *Strickland* standard).

13 The undersigned does not find that the state court's ruling that Petitioner failed to
14 establish prejudice is contrary to or an unreasonable application of *Strickland*.
15 Accordingly, the undersigned concludes that it was not contrary to, nor an unreasonable
16 application of, *Strickland* for the Arizona state court to reject Petitioner's IAC claim
17 contained in the Petition. The undersigned therefore recommends that the Court deny the
18 claim on the merits.

### III. CONCLUSION

20 Based on the foregoing, the undersigned recommends that the Court deny
21 Petitioner's requests for an evidentiary hearing and "funds to retain an investigator and
22 mental health professional." The undersigned further recommends that the Court deny
23 and dismiss the Petition (Doc. 1) with prejudice.

24 Accordingly,

25 **IT IS RECOMMENDED** that Petitioner's requests for an evidentiary hearing and
26 "funds to retain an investigator and mental health professional" be **DENIED**.

27 **IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and
28 **DISMISSED WITH PREJUDICE**.

1 **IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right in his claim for relief.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 24th day of December, 2015.

_____
Eileen S. Willett
United States Magistrate Judge