NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Soto,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>　　　　　　　Respondents. | No. CV-14-02562-PHX-JJT<br><br>**ORDER** |

　　　At issue is the Report and Recommendation (R&R) (Doc. 15) prepared in this matter by United States Magistrate Judge Eileen Willett, recommending the Court deny and dismiss the Petition for habeas review on the merits. Petitioner timely filed an Objection (Doc. 20) and Respondent has filed no response.

　　　The Court will adopt in whole Judge Willett's R&R, as it correctly and reasonably applies the law under AEDPA, 28 U.S.C. §§ 2244 and 2254 and *Strickland v. Washington*, 466 U.S. 668 (1984), to Petitioner's ineffective assistance of counsel claim. Neither the state court's ruling that Petitioner's trial counsel did not perform in a constitutionally deficient matter, nor its finding that Petitioner failed to establish prejudice, is contrary to or an unreasonable application of *Strickland*.

　　　Petitioner's Objection to the R&R fails to persuade otherwise. He simply restates in conclusory fashion that the state court violated the above standard, and to the extent that the Objection can be construed to argue facts previously alleged, Judge Willett's R&R addresses head-on those facts and their inadequacy to show inadequacy under the *Strickland* standard.

Petitioner also attempts to raise additional grounds for habeas relief in the Objection, arguing alternatively that his confinement places him at high risk of abuse by other prisoners, which constitutes cruel and unusual punishment under the Eighth Amendment, and that his incarceration singles him out for different treatment than other inmates who do not have Petitioner's claimed "mental or physical handicaps," which decision Petitioner deems a 14th Amendment violation. But the Petition in this matter raised only a claim of ineffective assistance of counsel in violation of the Sixth Amendment. Petitioner is not free to add grounds to his Petition at this late date, where Respondents had no opportunity to address them.  If Petitioner wishes to raise such claims, he may only do so under a separate action pursuant to 28 U.S.C. § 1983 or other appropriate law.

For the reasons set forth above and in detail in the R&R,

**IT IS ORDERED** adopting the Report and Recommendation (Doc. 15) in whole.

**IT IS FURTHER ORDERED** denying and dismissing the Petition (Doc. 1).

**IT IS FURTHER ORDERED** denying a certificate of appealability and leave to proceed *in forma pauperis* on appeal, upon the Court's finding that Petitioner has not made a substantial showing of the denial of a constitutional right in his claim for relief..

Dated this 2nd day of May, 2016.

Honorable John J. Tuchi
United States District Judge